# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LAURIE KELLY,

    Plaintiff,

v.                              Case No. 3:17-cv-01031-TJC-PDB

BRUCE NEAL,

    Defendant.

## **O R D E R**

This case is before the Court on Defendant Bruce Neal's Motion to Dismiss. (Doc. 7). Plaintiff Laurie Kelly, who brought both breach-of-contract and fraud claims following a series of allegedly broken oral promises (Doc. 2), filed a response. (Doc. 13).

## **I. Background**

Kelly alleges that at some unspecified time in the past, she and Neal entered into a fiduciary relationship whereby Neal became her financial advisor and oversaw her $2.1 million investment portfolio. (Doc. 2 ¶ 10). Sometime later, Neal began asking Kelly to provide him with what ultimately became a lengthy series of personal loans. (Id. ¶¶ 13–21). These loans, totaling $682,103.55, were spent on goods and services such as personal training, condo

upgrades, a new car, and Neal's children's tuition. (Id. ¶ 20). The complaint then alleges that "[w]ith each loan, Neal reassured Kelly that he would repay the full amount owed plus interest when he was able. . . . From year to year, Neal continued to make reassurances that he would pay back the debt, both orally and through written communications." (Id. ¶¶ 22, 24). On July 12, 2017, when Kelly formally demanded repayment, Neal refused, prompting the present action. (Id. ¶ 26).

In a two-count complaint, Kelly contends that: (1) each of the loans represents discrete oral contracts, and (2) Neal used his knowledge of her finances and position as a fiduciary to fraudulently induce reliance upon his repeated promises to repay his debts. (Id. ¶ 28–44). For the breach-of-contract claim, Neal counters that the oral promises were illusory because they lacked consideration and failed to specify essential terms. (Doc. 7 at 4–8). On the fraud claim, he argues that the complaint is impermissibly vague (Id. at 8–11). Neal also raises a statute of limitations issue as to both counts. (Id. at 12–13).

## II. Discussion

### a. Breach of Contract

Neal argues that his promise to repay Kelly—to the extent any agreement existed at all—was illusory and unenforceable because it failed to specify essential terms, such as relevant dates and interest rates, and lacked consideration. (Doc. 7 at 4–7). Under Florida law, oral and written contracts are

subject to the same essential requirements: offer, acceptance, consideration, and sufficient specification of essential terms. W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 302 (Fla. 1st DCA 1999); Winter Haven Citrus Growers Ass'n v. Campbell & Sons Fruit Co., 773 So.2d 96, 97 (Fla. 2d DCA 2000). "To state a cause of action for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to a certain and definite proposition and left no essential terms open." W.R. Townsend Contr., Inc., 728 So. 2d at 300 (internal citation omitted). Yet if nonessential terms remain open, an oral contract remains enforceable. Id. at 302. "[W]hat constitutes an essential term of a contract will vary widely according to the nature and complexity of each transaction and must be evaluated on a case-specific basis." ABC Liquors, Inc. v. Centimark Corp., 967 So.2d 1053, 1056 (Fla. 5th DCA 2007).

The putative contract is not complex, involving merely a verbal promise from Neal to repay Kelly when he was able. The complaint alleges verbal conversations, as well as the existence of written records, that evince the necessary contractual terms. See Doc. 2 ¶¶ 24–25 (illustrating that Kelly provided money to Neal, who "continued to make reassurances that he would pay back the debt. . . . [And] [i]n both oral and written communications over the years, Neal repeatedly acknowledged the debt he owed."). This is good enough. See Great Am. Ins. Co. v. Pino Kaoba & Assoc., Inc., 08-FL-20847-CIV (S.D. Fla.

3

2008) (determining that "notice pleading does not require detailed allegations concerning the dates and specific terms of the alleged oral contract," and that "further information . . . as to specific terms of the alleged contracts may be adduced during discovery.").

Neal also argues that the agreement lacked consideration because it was an "I will if I want to" type of promise. (Doc. 7 at 7). As Kelly alleges in the complaint, however, Neal "assured Kelly that he would repay the full amount owed plus interest <u>when he was able</u>." (Doc. 2 ¶ 22) (emphasis added). "[S]imply because a contract is unclear as to when payment must be made does not relieve a party of an obligation to make payment."[1] <u>Independent Mortg. & Fin. v. Deater</u>, 814 So. 2d 1224, 1225 (Fla. 3d DCA 2002). Thus, as Kelly relays the facts, Neal did not agree to pay back his debt at some indeterminate point in the future; he instead created a condition upon which his repayment hinged. (Doc. 2 ¶ 22). "This type of agreement creates only a conditional promise to pay so that the creditor is not entitled to recover on the promise unless the promisor is in fact able to pay the debt." <u>Hammond v. Bicknell</u>, 379 So. 2d 680, 681 (Fla. 2d DCA 1980).

---

[1] Although promises of repayment based on future contingencies are not enforceable, "[c]ontracts providing for payment at an indefinite time in the future are enforceable." <u>In re Ellsworth</u>, 326 B.R. 867, 873 (Bankr. M.D. Fla. 2005). Moreover, "[w]here an agreement does not specify the time for payment or provides for an indeterminate or indefinite time, the law implies that payment will be made within a reasonable time." Fla. Stat. § 672.309(2).

4

Here, it is unclear if Neal could repay his debts. Whether this condition was met is a fact-sensitive inquiry beyond the bounds of a Rule 12(b)(6) motion; discovery will shed additional light on whether the oral contract is enforceable. Ultimately, Kelly's breach-of-contract claim—short and plain though it may be—satisfies Rule 8(a)(2).

### b. Fraud in Inducement

Neal posits that Kelly has not pled her fraud claim with sufficient particularity to withstand a motion to dismiss under Rule 9(b). (Doc. 7 at 8–11). Under this heightened pleading standard, a complaint that alleges fraud must set forth with particularity the circumstances contextualizing the ostensibly fraudulent statements. United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1308 (11th Cir. 2002). Although Rule 9(b) applies to fraud claims, it "must be read in conjunction with the notice pleading standard of Rule 8. Particularity is sufficiently plead when the complaint alleges fraud with sufficient particularity to permit the person charged with fraud to have a reasonable opportunity to answer the complaint and adequate information to frame a response."[2] Fleeger v. Wachovia Bank, 5:12-CV-294-Oc-32PRL at *8

---

[2] Other circumstances may also relax the standard. For example, "Rule 9(b)'s heightened pleading standard may be applied less stringently . . . when specific factual information about the fraud is peculiarly within the defendant's knowledge or control." United States ex rel. Prime v. Post, Buckley, Schuh & Jernigan, Inc., 6:10-CV-1950-Orl-36DAB at *10 (M.D. Fla. 2012) (internal citation omitted).

5

(M.D. Fla. 2012) (internal citation omitted). To satisfy rule 9(b), the Eleventh Circuit often requires complaints to outline the "who," "what," "when," and "where" of what happened. Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008). Yet such specificity is not always necessary, as "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." Durham v. Bus. Mgt. Assocs., 847 F. 2d 1505 (11th Cir. 1988).

In this case, considering the simplicity of the fraud claim, the pecuniary specificity that is alleged, and Neal's likely knowledge of the relevant circumstances, Neal possesses a "reasonable opportunity to answer the complaint and adequate information to frame a response." Fleeger, 5:12-CV-294-Oc-32PRL at *8. Rule 9(b) is therefore satisfied, and Kelly's temporal omissions are not fatal to her complaint.

### c. Statutes of Limitations

Neal also argues that the statutes of limitations on both claims have expired. (Doc. 7 at 12–13). Neal has not shown the applicability of the statute of limitations from the face of the complaint; therefore, the Court cannot dismiss the complaint on statute of limitations grounds. He may raise the statute of limitations as an affirmative defense in his answer.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Bruce Neal's motion to dismiss (Doc. 7) is **DENIED.** No later than April 26, 2018, Neal must file his answer.

2. The parties remain under the deadlines in the CMSO. (Doc. 12).

**DONE AND ORDERED** in Jacksonville, Florida the 5th day of April, 2018.

*[Signature]*

TIMOTHY J. CORRIGAN
United States District Judge

mm
Copies:

Counsel of record

7